UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R. MICHAEL CESTARO,<br><br>                    Plaintiff,<br><br><br>           – v. –<br><br>CLARISSA M. RODRIGUEZ, CHAIR,<br>NEW YORK STATE WORKERS'<br>COMPENSATION BOARD, in her<br>individual and official capacities, et al.,<br><br><br>                Defendants. | No. 23-cv-0593 (DLC) (SDA) |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS the parties in the above captioned matter, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS discovery (including without limitation, interrogatories, document productions and depositions) and other proceedings in Cestaro v. Rodriguez et al., No. 23-CV-0593 (SDNY) (DLC) (SDA) (the "Litigation"), may involve the production or disclosure of Confidential or Highly Confidential Material (as defined herein); and

WHEREAS the Plaintiff and Defendants ("the Parties") agree that a protective order is necessary to assure appropriate protection of privacy interests and other legitimate interests in confidentiality; and

WHEREAS this Protective Order does not operate to mandate disclosure of any particular information and does not work to waive any objections any Party may have to the production of any particular information in response to a demand in this litigation; and

PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c), IT IS HEREBY STIPULATED AND ORDERED THAT:

1.      This Protective Order shall govern the handling of all information and/or materials produced or disclosed during the course of the Litigation, including but not limited to information produced or disclosed:

      a.      in any pleading, document, affidavit, affirmation, interrogatory answer, responses to requests for admission, brief, motion, transcript, or any other written, electronic, recorded or graphic material;

      b.      in testimony given in a deposition, court hearing, or trial, and any copies, or summaries of such information; or

      c.      through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

2.      As used herein, the term "Discovery Material" refers to that information and/or materials described in 1(a)-(c) above. A Party that designates Discovery Material as Confidential ("Confidential Material") or "Highly Confidential – Attorneys' Eyes Only" (Highly Confidential Material") is the "Designating Party."

3.      As used herein, "the Litigation" refers to all proceedings in the above-captioned case, including any appeals and the implementation of any remedy agreed to by the Parties or ordered by the Court.

4.      The following documents and information produced or provided by the Parties or Non-Parties during the course of this Litigation, except information which is publicly available, may be designated by any Party as Highly Confidential or Confidential:

a.      Documents and Information that may be designated by any Party as Highly Confidential Material:

i.      all documents and information that relate to the personnel records, reviews, or evaluations for any Non-Party employee or former employee of the New York State Workers' Compensation Board ("WCB");

ii.     all documents and information that relate to complaints or grievances by or about or investigations or reports of any office, person or agency about any Non-Party employee or former employee of WCB;

iii.    all documents and information relating to the private, personal, and non-public information of Non-Parties to the Litigation;

iv.     all documents and information that WCB believes would compromise the safety or security of any employee or facility if disclosed; and

v.      testimony about the documents and information covered by Paragraph 4(a) (i)-(iv).

b.      Documents and Information that may be designated by any Party as Confidential Material:

i.      all documents and information containing personal health or disability information of any Party hereto, including but not limited to documents and information covered by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and records disclosed by a Party pursuant to any Authorization to Release Medical Records executed by the Plaintiff in this Litigation;

ii.     all documents and information containing mental health or psychiatric information of any Party hereto, including but not limited to documents and information covered by HIPAA and records disclosed by a Party pursuant to any Authorization to Release Psychotherapy Notes executed by the Plaintiff in this Litigation;

iii.    any documents and information which counsel for all Parties agree should be Confidential Material, subject to the provisions of paragraph 16 below;

iv.    any other documents and/or information which counsel believes in good faith to be Confidential Material that can be protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c);

v.    any Discovery Materials that the Court directs to be produced as Confidential subject to this Order; and

vi.    testimony about the documents and information covered by Paragraph 4(b) (i)-(v).

5.    Any summary, compilation, notes, copy, electronic images, or database containing Material and/or information designated as "Confidential" or "Highly Confidential" shall be subject to the terms of this Protective Order to the same extent as the Material or information from which such summary, compilation, notes, electronic image, or database is made or derived.

6.    Any Party producing Confidential Material or Highly Confidential Material described in paragraphs 4 and 7 of this Protective Order ("the Producing Party") may designate such Discovery Material as Confidential or Highly Confidential.  To designate the Discovery Materials as Confidential, the Producing Party shall mark the document with the words "CONFIDENTIAL," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or with a similar legend.  To designate the Discovery Materials as Highly Confidential, the Producing Party shall mark the document with the words "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or with a similar legend.  Where such marking of each piece of such Material is impossible or impractical (such as productions of groups of documents in native form), the Producing Party shall designate in writing that information or Material it regards as containing Confidential Material or Highly Confidential Material at the time of its production.  In the case of

-4-

any Discovery Material that is in the form of an audio or video recording (whether analog or digital) that cannot be designated "Confidential" or "Highly Confidential" in a practicable and cost-efficient manner, it shall be sufficient for the Producing Party to clearly mark the CD-ROM, DVD, or other physical medium containing such electronic data or documents with the appropriate designation.  So-marked documents and the information contained therein, shall not be disclosed to anyone by the Party receiving the Confidential Material or Highly Confidential Material ("the Receiving Party"), except as provided in this Protective Order.  The designation of Discovery Material as Confidential or Highly Confidential constitutes a representation by the Producing Party that counsel has adequately reviewed the Discovery Material and has determined that there is good cause for the designation under Paragraphs 4 or 7 of this Protective Order.

7.      Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material and Highly Confidential Material:

      a.      shall be used by the Receiving Party solely for the purpose of, or in investigation and preparation for, proceedings, hearings, depositions, motions, and trial in this Litigation, and not for any other purpose, including in any other actions or claims interposed by the Plaintiff or any other person against the Defendants.

      b.      Confidential Material may be disclosed by the Receiving Party only to:

            i.      The Parties;

            ii.     counsel representing the Parties, including in-house counsel, employees of counsel or counsel's office, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in preparation or litigation of this Litigation;

            iii.    current employees of WCB who would normally have access to such information;

iv.     any expert or consultant who has been retained by any Party for purposes of the Litigation and any necessary assistants or employees under the expert's or consultant's direct supervision;

v.     for purposes of investigation, preparation, deposition, or trial in this Litigation only, any deponent, witness, or potential deponent or potential witness who authored or otherwise had or should have had access to, familiarity with, or knowledge of the facts and circumstances to which the Confidential Material relates, including but not limited to current or former employees of WCB;

vi.     any other person as to whom the Parties agree in writing in accordance with the procedures set forth in paragraph 8 of this Protective Order;

vii.     court reporters, as necessary for the conduct of the Litigation; and

viii.     the Court and personnel employed by it.

c.     Highly Confidential Material may be disclosed by the Receiving Party only to:

i.     A Party to the Litigation who is an attorney licensed to practice law in the State of New York in good standing;

ii.     the author or sender of the document and, for purposes of investigation, preparation, deposition, or trial in this action only, any deponent, witness, or potential deponent or potential witness who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use prior to the Litigation;

iii.     counsel representing the Parties, including in-house counsel, employees of counsel or counsel's office, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in preparation or litigation of this Litigation;

iv.     any expert or consultant who has been retained by any Party for purposes of the Litigation and any necessary assistants or employees under the expert's or consultant's direct supervision;

v.     any other person as to whom the Parties agree in writing in accordance with the procedures set forth in paragraph 8 of this Protective Order;

vi.     court reporters, as necessary for the conduct of the Litigation; and

vii.    the Court and personnel employed by it.

8.    Prior to the disclosure of any Confidential Material by a Receiving Party to a person identified in subparagraphs 7(b)(iv), 7(b)(v) or 7(b)(vi), and prior to the disclosure of any Highly Confidential Material by a Receiving Party to a person identified in subparagraphs 7(c)(iii), or 7(c)(iv), counsel for the Party proposing to make such disclosure shall ensure that a copy of this Protective Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Protective Order and consent to the Court's jurisdiction for the purpose of enforcing this Protective Order in the form of the Non-Disclosure Agreement annexed hereto as Appendix A.  Counsel of record shall maintain a list of the names of all persons to whom such materials or information is disclosed and such list shall be available for inspection by counsel for the Designating Party upon order of the Court following a showing of good cause.

9.    All Confidential Material and Highly Confidential Material shall be maintained by the Receiving Party in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 7, and only pursuant to the procedures in Paragraph 8.

10.    A Receiving Party shall not file Confidential Material or Highly Confidential Material in the record of the Litigation or with the Court, except as follows:

a.    A Receiving Party may file unredacted Confidential Material or Highly Confidential Material in the record of this Litigation, or with the Court, upon written consent by counsel for the Producing Party.

b.    If a Party uses Confidential Material or Highly Confidential Material in a pleading, motion, or other submission filed with the Court without the written consent of counsel for the Producing Party, the Party using the Confidential Material or Highly Confidential Material shall file its submission under seal in accordance with the Court's Local Rules and the assigned judge's Individual Rules.

     c.     If a Receiving Party intends to use or elicit testimony concerning Confidential Material or Highly Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material or Highly Confidential Material, the Receiving Party intending to so use Confidential Material or Highly Confidential Material shall take all steps reasonably required to protect the material's confidentiality during such use.  Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or Highly Confidential Material or to cause a Party to be in breach of this Protective Order when acting in compliance with an order or direction of the Court.

11.    Any Party, through its counsel, may designate as Confidential or Highly Confidential any deposition testimony that the Party believes in good faith discusses or discloses Confidential Material or Highly Confidential Material.  Such designation may be made orally on the record of a deposition or by written notice within 30 days from the receipt of the final (i.e., not "draft" or "rough") transcript.  The court reporter shall be notified of any confidentiality designations made after the final transcript is sent to the Parties.  Upon receipt of a confidentiality designation, all Parties in possession of the deposition transcript shall be required to mark the designated pages accordingly on all copies of the transcript and treat those pages of the transcript appropriately.  Subject to any requirements of the Court, the reporter for any deposition or hearing shall affix a legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to pages that contain testimony designated as such.  All transcripts shall be treated as "CONFIDENTIAL" until the time to designate has expired.

12.    Any person making copies of Confidential Material or Highly Confidential Material must ensure that the copies adequately reflect the "Confidential" or "Highly Confidential" designation.

13.    In the event of a disclosure to an unauthorized Party of information designated under this Protective Order as Confidential or Highly Confidential, the disclosing party shall

without delay (a) notify the Designating Party of the disclosure; (b) take all reasonable steps to recover the document, material or other information, and (c) report to the Designating Party immediately upon recovery or failure to recover the Confidential Material or Highly Confidential Material.

14.     Inadvertent or unintentional failure to appropriately designate a document as Confidential or Highly Confidential shall not be deemed a waiver of a Party's claim of confidentiality.  Such inadvertent failure to designate may be corrected by written notice to the other Parties and a supplemental production, each given as soon as practicable.  Thereafter, the disclosed document or information shall be treated as Confidential Material or Highly Confidential Material.

15.     A designation of Confidential Material or Highly Confidential Material by one Party shall not be deemed an acknowledgment of confidentiality by any other Party except for purposes of this Stipulation.  At any time, a Party may object to a designation of Discovery Material as Confidential or Highly Confidential, in whole or in part, by communicating the objection in writing to the Designating Party and stating the reasons for the objection.  Within fourteen (14) days after receiving an objection, the Designating Party shall respond in writing to the objecting Party, either withdrawing the designation or providing the reasons why the designation will not be withdrawn.  If the objecting Party is not satisfied with the response, it may then move the Court for an order that the designation be removed.  The Party designating the material as Confidential or Highly Confidential shall bear the burden of establishing the confidentiality of the material at issue.  The Discovery Material shall continue to be treated as Confidential or Highly Confidential while such a motion is pending.  Any Party may request an *in*

*camera* review of the information that is the subject of a dispute regarding a confidentiality designation.

16.     Nothing in this Protective Order shall be construed to limit, modify, or interfere in any manner with:

      a.      The disclosure obligations of WCB under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions;

      b.      The interpretation, application, and implementation by WCB, their public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations;

      c.      WCB's, or any of their employees' or officials', use in the ordinary course of business and as permitted by law outside of this Litigation of documents and information designated as Confidential or Highly Confidential Material in this Litigation that they legally have in their possession and which were not received through discovery in this Litigation or through releases or authorizations signed by Plaintiff;

      d.      WCB's, or any of their employees' or officials', use of their own Confidential or Highly Confidential Material and/or Discovery Material; or

      e.      Notwithstanding any provision set forth herein, any Party or Non-Party may use without restriction information that is in its possession by means other than receipt of a production pursuant to this Protective Order, except that each Party and Non-Party is bound by any applicable rule or law regarding confidential treatment of such Confidential Material, Highly Confidential Material and/or Discovery Material used in this Litigation.

17.     This Protective Order does not preclude a Party from raising or preserving objections to discovery and does not waive any Party's right to assert attorney-client privilege, attorney work product doctrine, or any other privilege or immunity as the Litigation proceeds.

18.     This Protective Order does not require production of documents as to which valid objections or privileges apply.

19.     Fed. R. Civ. P 26(b)(5)(B) shall govern the return and use of materials produced in discovery which are subject to a claim of privilege or of protection as trial preparation material and the determination of claims of privilege and/or protection regarding such documents.

20.     The production of privileged or work-product protected documents, information, or electronically stored information ("ESI"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

21.     If any Party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of materials produced by another Party and designated as Confidential or Highly Confidential, the Party so requested shall give immediate written notice to the Designating Party of such subpoena or other notice.  Upon receipt of such notice, the Designating Party so notified shall bear the burden of opposing, if appropriate, the subpoena or other notice on grounds of confidentiality.  In no event shall production or disclosure be made before reasonable notice is given to the Designating Party.

22.     Nothing in this Protective Order shall prejudice the rights of any Party to contest the alleged relevance, admissibility, or discoverability of Confidential Material or Highly Confidential Material sought.

23.     Nothing in this Protective Order shall negate or obviate any requirement or obligation of confidentiality independent of this Protective Order.

24.     This Protective Order shall survive and remain in full force and effect after the termination of the Litigation.  Neither the termination of this lawsuit nor the termination of employment of any person with access to any Confidential Material or Highly Confidential Material shall relieve such person from the obligation of maintaining the confidentiality of such information.

25.     At the request of the Producing Party, upon the final conclusion of the Litigation, including any post-trial motions, appellate proceedings, and the period for implementation of any remedy agreed to by the Parties or ordered by the Court, all matter designated as Confidential or Highly Confidential (including all copies of such documents or identifiable portions thereof and all documents reflecting the documents or their contents) shall be returned promptly by the Receiving Party to the Producing Party, or, in lieu of their return, such documents may be destroyed (as by shredding).  The Receiving Party must certify in writing the return or destruction of all such documents within thirty (30) days of the Producing Party's request for return or destruction.  However, counsel for the Receiving Party may retain their work product, copies of court filings, and official transcripts with all exhibits thereto, provided any and all retained documents are kept confidential and will, along with the information contained therein, continue to be treated as Confidential or Highly Confidential pursuant to this Protective Order.

26.     Non-Parties from whom discovery is sought by the Parties to this Protective Order may designate materials as Confidential or Highly Confidential, consistent with the terms of this Protective Order, provided that such Non-Parties agree in writing to be bound by the terms of this Protective Order prior to the production of any such materials by executing the Non-Disclosure Agreement annexed hereto as Appendix A.  Under such circumstances, all duties applicable to the Parties that are signatories to this Protective Order shall apply to such Non-Parties.

27.     This Protective Order is intended to be contractual in nature and may not be modified or changed orally.  All changes or modifications shall be made in writing executed by the parties.

28.     The Parties reserve the right to seek modification of this Protective Order by application to the Court for good cause shown.

29.     Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by the Parties, the Parties will treat this Protective Order as though it had been "So Ordered."

[*Remainder of page intentionally left blank*]

The undersigned counsel of record stipulate that the Court should enter the above Protective Order as an Order of the Court.

| | |
|---|---|
| Dated:  September 21, 2023 | Dated:  September 20, 2023 |
| | **LETITIA JAMES**<br>**ATTORNEY GENERAL**<br>**STATE OF NEW YORK** |
| By:_____<br>    Ameer Benno, Esq. | By:_____<br>    Yuval Rubinstein, Esq. |
| BENNO & ASSOCIATES P.C.<br>30 Wall Street, 8th Floor<br>New York, NY 10005<br>(212) 227-9300 (office) | 28 Liberty St.<br>New York, New York 10005<br>Tel.: (212) 416-8673 |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

**SO ORDERED:**

_____
DENISE COTE
United States District Judge

September 26, 2023

-14-

## **APPENDIX A**

## **ACKNOWLEDGMENT**

I hereby acknowledge that I have read a copy of the Confidentiality Stipulation and Order ("Protective Order") entered in the Litigation presently pending in the United States District Court for the Southern District of New York entitled <u>Cestaro v. Rodriguez, et al.</u>, No. 23-CV-0593 (SDNY) (DLC) (SDA), that I understand the terms thereof and agree to be bound by its terms, and that I submit myself to the jurisdiction of the Court, wherever I may be, for the enforcement of this Protective Order.

Signed under penalty of perjury of the laws of the United States of America, this \_\_\_\_\_ day of _____, 20\_\_.

_____
Signature

_____
Name (Printed)