# RICHARD L. SULLIVAN
ATTORNEY AT LAW

November 7, 2023

**VIA ECF**

The Honorable Denise L. Cote
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York, 10007

Re: <u>Cestaro v. Rodriguez, et al., 23-cv-593 (DLC)</u>

Your Honor,

I am co-counsel for the Plaintiff in the above-captioned matter. I write to ask the Court's intervention in resolving a discovery dispute.

Currently, pursuant to agreement, discovery has been extended to December 15, 2023, and the parties have agreed that Plaintiff will take depositions of Mark Grodsky and Heather McMaster (both are employees of the NYS Workers Compensation Board, and McMaster is a defendant in this lawsuit). The parties also have agreed to work toward obtaining the deposition of nonparty witness Carly Shapiro, the owner of the TikTok account which originally hosted the video at the heart of this case (defendants have attempted to subpoena the original video from Ms. Shapiro without success).

The dispute is as follows. In their answers, all defendants asserted the affirmative defense of qualified immunity. Co-counsel and I have conferred with defense counsel to inquire whether the qualified immunity defense was based, in whole or in part, on advice of counsel, but defense counsel would not say yes or no.

During the depositions of defendants Pantzer and Wertheim, the undersigned asked each of them about their communications with counsel for the Workers Compensation Board concerning the rescission of plaintiff's promotion – the complained-of action on which this action is based. Defense counsel objected to these questions citing attorney-client privilege, and directed the witnesses not to answer. Following these depositions, co-counsel and I again conferred with defense counsel, asserting that if defendants were basing their qualified immunity defense on advice of counsel, they could not shield the substance of those communications from plaintiff. Notably, in the

defendants' disclosures, the body of certain emails to and from Ms. McMaster, around the time of the challenged action, are fully redacted.

Insofar as defendants intend to raise, during the summary judgment phase or at trial, the affirmative defense of qualified immunity based to any extent on the advice they received from counsel, Plaintiff's position is that defendants Wertheim and Pantzer should be required to testify under oath concerning the substance of that legal advice. As this testimony obviously bears on summary judgment, plaintiff seeks a ruling compelling defendants Wertheim and Pantzer to answer those questions.

Finally, with respect to defendant Heather McMaster, defense counsel has informed us that Ms. McMaster is on vacation and thus cannot participate in a deposition until the week following Thanksgiving. Given that plaintiff is willing to take Ms. McMaster's deposition by remote means using an online platform (notably, one of the two depositions taken by defendants, and both depositions taken by Plaintiff thus far, were fully remote, as will be the 11/8/23 mediation before Magistrate Aaron), there is simply no reason Ms. McMaster's deposition should be delayed until the eve of the filing deadline for summary judgment motions – currently due on December 1, 2023. We ask this court to order that her deposition proceed forthwith by remote means.

Plaintiff thanks the Court for its attention to this matter.

Very truly yours,

                                       /s/
                              Richard L. Sullivan

*[Handwritten note:]* The request to reopen the depositions of Wertheim and Pantzer is denied, without prejudice to renewal in opposition to any summary judgment motion. The request to depose Ms. Masken while on vacation is denied.

*/s/ Denise Cote*
11/9/23